IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. CCB-17-106; 16-051 |
| MOMODU GONDO | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM

Momodu Gondo is a thirty-eight-year-old federal prisoner serving a 120-month sentence for drug trafficking and racketeering conspiracy. Now pending is Gondo's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (CCB-16-051, ECF 424, 440; CCB-17-106, ECF 574). Gondo seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. The government opposes the motion, (CCB-17-106, ECF 579), and Gondo has replied, (CCB-17-106, ECF 581; CCB-16-051, ECF 443).[1] For the reasons explained below, the motion will be denied.

## BACKGROUND

Gondo is a former member of the Baltimore Police Department (BPD)'s Gun Trace Task Force (GTTF). Beginning in 2015 or earlier Gondo participated in a conspiracy with several other members of the GTTF to rob citizens in the course of the officers' police duties, using BPD issued firearms, and to aid Baltimore-based drug trafficking organizations. (CCB-17-106, ECF 200, Plea Agreement, Statement of Facts; CCB-16-051, ECF 249, Plea Agreement, Statement of Facts). In October 2017, Gondo pled guilty in CCB-17-106 to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and in CCB-16-051 to one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture containing heroin, in violation of 21 U.S.C. § 846.

---

[1] Gondo also filed an unopposed motion for leave to supplement his motion for compassionate release with updated medical records. (CCB-17-106, ECF 599; CCB-16-051, ECF 448). The court will grant this motion.

1

(*Id.*, Plea Agreement at 1). On February 12, 2019, the court sentenced Gondo to 120 months imprisonment on each count, to run concurrent, with credit for time served since March 1, 2017. (CCB-16-051, ECF 420, Judgment; CCB-17-106, ECF 489, Judgment).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Gondo submitted a request for compassionate release to the warden of Butner Low FCI, where he was then incarcerated, on April 24, 2020. (CCB-16-051, ECF 424-1). The government does not contest that Gondo has properly exhausted his administrative remedies. Thus, the only issues are (1) whether "extraordinary and compelling reasons" warrant the reduction of Gondo's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining

2

"extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Gondo argues that he is at risk of developing serious illness related to COVID-19 because he has Crohn's disease, for which he has been taking prednisone, a corticosteroid, at least as of September 2020, after his Crohn's symptoms worsened. (CCB-17-106, ECF 602). According to the Centers for Disease Control ("CDC"), having a weakened immune system caused by "prolonged use of corticosteroids or other immune weakening medicines" "can make you more likely to get severely ill" (meaning hospitalization, intensive care, the need for a ventilator, or death) from COVID-19. *COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021). Further compounding the risk to Gondo is the mere fact of his incarceration. See *Coreas v. Bounds*, 451 F. Supp. 3d 407, 413 (D. Md. 2020) ("Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19."); *COVID-19: For People Living in Prisons and Jails*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html (updated Mar. 5, 2021) ("Living in prisons and jails puts you at higher risk for getting COVID-19 because: it may be hard to stay at least 6 feet away . . . from other people; there may not be enough

space to keep people with COVID-19 away from others; you may be sharing space with someone who has the virus and does not know it . . . ; staff or visitors may have the virus and not know it.").

But even if the court considered Gondo's risk of illness from COVID-19 an extraordinary and compelling reason for release, the § 3553(a) factors do not weigh in favor of release. The court must consider Gondo's history and characteristics and also ensure that the sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence. *See* § 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(A)–(B). Gondo's conduct was very serious. He participated in a number of armed robberies of Baltimore citizens in the course of his police duties and aided a local drug trafficking organization in avoiding detection by law enforcement, using his own law enforcement knowledge. He arranged for the sale of illegal controlled substances and firearms stolen during some of these robberies and, in order to conceal his conduct, he failed to prepare incident reports or falsified incident reports, at times turned off his body camera during shifts, and discussed with other co-conspirators how to avoid criminal investigation. (CCB-17-106, ECF 200, Plea Agreement, Statement of Facts). These crimes constituted an egregious abuse of power and violation of the trust of the citizens of Baltimore, and warranted a significant sentence.

Gondo contends that his struggles with substance abuse and depression contributed to his offenses and that he has begun to take steps to address these issues while in prison, including by taking a drug education class. Prior to his conviction, Gondo experienced a number of personal traumas. He was diagnosed with post-traumatic stress disorder as a result of being shot in December 2006, (CCB-17-106, ECF 384, Presentence Report ¶¶ 190–94), and has suffered several personal losses, including the death of his father. (CCB-17-106, ECF 384, Presentence Report ¶¶ 172, 174, 182). The court acknowledges Gondo's efforts and that COVID-19 restrictions may have affected his receipt of timely treatment for Crohn's in the spring and summer of 2020 (*see* ECF 574 at 8), but must ensure that the sentence reflects the seriousness of the offense, promotes respect for the law, and

affords adequate deterrence. 18 U.S.C. §§ 3553(a)(2)(A)–(B). Gondo has served approximately fifty-one months, approximately half of his 120-month sentence; that sentence already reflected his mitigating personal characteristics, as it was below the guideline sentencing range for a racketeering conspiracy of this magnitude. Accordingly, the court finds that the balance of the § 3553(a) factors weighs against granting compassionate release.

## CONCLUSION

For the foregoing reasons, Gondo's motion for compassionate release (CCB-16-051, ECF 424, 440; CCB-17-106, ECF 574) will be denied. The associated motion for leave to file supplemental memorandum (CCB-17-106, ECF 599; CCB-16-051, ECF 448) will be granted and the associated motions to seal (CCB-17-106, ECFs 582, 600; CCB-16-051, ECFs 441, 444, 449) will be granted to protect the confidentiality of personal information. A separate Order follows.


  __7/8/2021__                                       _____/S/_____
Date                                                 Catherine C. Blake
                                                     United States District Judge